**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL No. 6:95cr36-40 |
| | § | |
| RANDY E. WILLIAMS | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On June 26, 2009, the Court conducted a hearing to consider the United States' petition to revoke the supervised release of Defendant Randy E. Williams. The United States was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Assistant Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base, a Class A felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of thirty-two (32) and a criminal history category of III, was one-hundred fifty-one (151) to one-hundred eighty-eight (188) months. On February 28, 1996, United States District Judge William Wayne Justice sentenced Defendant to one-hundred fifty-one (151) months imprisonment and five (5) years supervised release. On December 13, 2006, Defendant completed his term of imprisonment and began the five (5) year term of supervised release.

Under the terms of supervised release, Defendant was prohibited from excessive use of alcohol and from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant was further prohibited from committing another federal, state, or local crime.

In its petition, the government alleges that Defendant violated these conditions by submitting urine specimens that tested positive for marijuana and by pleading guilty to the offense of Theft By Check in the County Court at Law #2 in Smith County, Texas.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five (5) years of imprisonment may be imposed. 18 U.S.C. § 3583(b)(1). Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated his conditions of release by testing positive for marijuana and by pleading guilty to the offense of Theft by Check, he will be guilty of committing a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is five (5) to eleven (11) months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to all the allegations contained in the petition. Further, the parties agreed to recommend a sentence of five (5) months, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant Randy Williams be committed to the custody of the Bureau of Prisons for a term of imprisonment of five (5) months with no supervised release to follow. The Court further **RECOMMENDS** that Defendant be confined in the Texarkana facility.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 30th day of June, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE